The Chancellor.
On this motion the transaction out of which the mortgage grew must be taken to have been bona fide, and the mortgage and the subsequent conveyance by the mortgagor to the mortgagee, in trust for the purposes stated in the pleadings, to be valid. And the motion will be considered, too, as if the infant heirs of the mortgagor were properly repre • sented.
*248 The question now before us is not whether Johnson properly obtained possession of the bond and mortgage; nor whether the judgments obtained by Johnson against Calvin Campfield should be set aside. It is whether Johnson, while proceeding to foreclose the mortgage, shall be permitted to sell, on judgments against Calvin Campfield on his own personal liabilities, the legal estate held by him in trust for the purposes stated in the pleadings.
I think- the cestuis que trust should be protected from such a proceeding. It was said in argument, that Johnson has the right to sell, under- the judgments, the interest- of Calvin Camp-field in these lands; and then to have a jury pass on what that interest is; that is, to take the ground that the whole transaction of the conveyance by Calvin to Jonathan, and the mortgage and deed in trust from Jonathan to Calvin, were fraudulent and void' as against creditors. This is not the right way of getting into that controversy.
Johnson’s own bill, the foreclosure bill,- sets out the trust, on which the conveyance from- Jonathan to Calvin, after the giving of the mortgage, was made.
A trastee cannot dispose of a trust estate as his own estate, unless to a bona fide purchaser without notice. If he do the estate may be followed.
Calvin Campfield has no title or interest which he could convey to Johnson, in payment of his own debt. Johnson, therefore, cannot be permitted to sell his title and interest on execution. To allow him to do so could only have the effect of embarrassing the interest and estate of those beneficially interested.
Motion denied.